## Case No. 17,287.

### WATSON v. LEMAR.

[Betts' Scr. Bk. 85.]

District Court, D. South Carolina. 1842.

BANKRUPTCY PROCEEDING — POWERS OF DISTRICT COURT—LIEN OF LANDLORD—ENFORCEMENT.

[1. The United States district court has power to fully administer the bankrupt act.]

[2. The lien given a landlord for rent already due by the law of South Carolina is undisturbed by a decree declaring the tenant a bankrupt.]

[3. The creditors cannot object to the enforcement of such a lien on the ground that it will sacrifice the tenant's goods.]

[4. The landlord's right to enforce the lien is not affected by the fact that he was preferred in a voluntary assignment by the tenant, and that he has expressed a willingness that the assignee should sell, and pay him his rent.]

In bankruptcy. Watson, Crews & Co. filed their petition, claiming that Lemar & Addy. should be declared bankrupts, and on the next day Mordecai Cohen distrained the goods of Lemar & Addy for rent due him. The petitioning creditors thereupon filed a

bill for an injunction against a sale under the landlord's distress, until a decree of bankruptcy, and an assignee could be appointed, to contest the landlord's right, or take steps for an advantageous sale of the debtor's property for the benefit of all concerned.

GILCHRIST, District Judge, ruled the following points:

1. That the district court of the United States, sitting as a court of bankruptcy, has all necessary chancery powers and jurisdiction for full administration of the bankrupt act.

2. That a landlord levying, before a decree in bankruptcy, for rent due before such decree, has a lien, under the statute of Anne, of force in this state, on the property of his tenant, and such lien is undisturbed by the bankrupt act.

3. That the apprehension of the petitioning creditors that a sale under the landlord's distress warrant will cause a sacrifice to the tenant's goods to the injury of the other creditors furnishes no ground to enjoin the landlord's proceedings.

4. That the facts that the landlord was a preferred creditor for his rent under a voluntary assignment of his tenant, and that he had expressed his willingness (without personally accepting the deed of assignment) that the assignee should sell, and pay him his rent, did not impair his legal remedy.